| | |
|---|---|
| PAUL DOYON, | ) |
|     *Plaintiff* | ) ) ) ) |
| v. | )    No. 1:09-cv-448-JAW ) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) ) ) |
|     *Defendant* | ) ) |

### RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

The plaintiff applies for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,226.50, having secured an award of past-due benefits from the commissioner following this court's remand of his case for further proceedings. *See* Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 20) at 1. The commissioner does not object to the grant of the Motion. *See* Defendant's Response to Plaintiff's Motion for Award of § 406(b) Fees (Docket No. 21). For the reasons that follow, I recommend that the Motion be granted.

### I. Factual and Procedural Background

The plaintiff executed a contingent fee agreement with the law firm of Jackson & MacNichol in connection with his appeal to this court of the commissioner's adverse decision, agreeing "to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to [him], to include any dependents benefits, subject to the approval of said fee by the court." Exh. 2 (Docket No. 20-2) to Motion at [3].

On April 30, 2010, following the plaintiff's filing of his statement of errors, the commissioner filed an unopposed motion for reversal and remand of the decision at issue, which

the court granted that day. *See* Docket Nos. 10, 12-13. On June 4, 2010, the court approved the plaintiff's request for an Equal Access to Justice Act ("EAJA") fee award in the amount of $2,428.80 for 13.5 attorney hours and three-quarters of a paralegal hour expended in connection with the plaintiff's appeal to this court. *See* Docket Nos. 15, 18; *see also* Exh. 3 (Docket No. 20-3) to Motion.

The plaintiff prevailed on remand and was awarded $52,906.00 in past-due benefits, from which the commissioner withheld 25 percent, or $13,226.50, to cover any attorney fee that the court might award. *See* Motion at 1; Exh. 1 (Docket No. 20-1) thereto at 4. He now seeks a fee award of $7,226.50 pursuant to section 406(b) for his attorney's work in this court, which, together with a fee of $6,000.00 approved pursuant to 42 U.S.C. § 406(a) for his attorney's work before the commissioner, equals $13,226.50, or 25 percent of his past-due benefits. *See* Motion at 3. His attorney pledges to remit to him the $2,428.80 previously awarded by the court in EAJA attorney fees. *See id*. at 4.

## II. Discussion

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by

the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

Because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty, even in the absence of an objection by the commissioner, to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., id* at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

This court applied a "lodestar" methodology in calculating the reasonableness of section 406(b) fee requests until Judge Hornby rejected that approach in *Siraco v. Astrue*, 806 F. Supp.2d 272 (D. Me. 2011), concluding that it had distorted the proper analysis by failing "to respect the primacy of lawful attorney-client fee agreements." *Siraco*, 806 F. Supp.2d at 276-77 (citation and internal quotation marks omitted). He explained that the court's analysis should henceforth begin with the requested contingent fee and, if that amount did not exceed the statutory ceiling, the lawyers were successful, and there was no allegation of delay or inadequate

representation or that the success was not due to the lawyers' efforts, "[t]hat should be the end of the matter." *Id*. at 277.

All of these requisites are met here. The fee request is consistent with the plaintiff's agreement with his attorney and does not exceed the statutory ceiling. The plaintiff's attorney was very successful. There is no allegation of delay or inadequate representation or that the plaintiff's success on remand was not due to his attorney's efforts. That is the end of the matter.

### III. Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED**, resulting in an attorney fee award pursuant to 42 U.S.C. § 406(b) of $7,226.50, with the proviso that the plaintiff's counsel be directed to remit to his client the sum of $2,428.80 in previously-awarded EAJA fees.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of April, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge